People v Griffin

2026 NY Slip Op 02670

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Lucious Griffin, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2023-04712, (Ind. No. 70385/19)

Lara J. Genovesi, J.P.

Barry E. Warhit

Donna-Marie E. Golia

Phillip Hom, JJ.

John Healy, Uniondale, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Jared A. Chester of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered May 8, 2023, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (three counts), and criminally using drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence.

ORDERED that the judgment is affirmed.

After a jury trial, the defendant was convicted of two counts of criminal sale of a controlled substance in the third degree, three counts of criminal possession of a controlled substance in the third degree, and two counts of criminally using drug paraphernalia in the second degree under a consolidated indictment. The defendant was sentenced under the consolidated indictment, and appeals from the judgment.

The defendant contends that the Supreme Court erred in denying his motion, among other things, to dismiss the consolidated indictment on the ground that the defendant was deprived of the statutory right to a speedy trial pursuant to CPL 30.30. The defendant asserts that the People's initial certificate of compliance (hereinafter COC) was improper because, prior to filing the COC, the People failed to disclose, inter alia, the defendant's prisoner movement log. The defendant's contention is without merit.

"Absent an individualized finding of special circumstances, 'the prosecution shall not be deemed ready for trial for purposes of [CPL 30.30] until it has filed a valid [COC]'" (People v Sombillo, 244 AD3d 873, 874, quoting CPL 245.50[3]). "When a defendant moves pursuant to CPL 30.30 to dismiss the indictment on the ground that the People failed to exercise due diligence and therefore did not file a proper COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (People v Gonzalez, 244 AD3d 1229, 1230 [internal quotation marks omitted]; see People v Bay, 41 NY3d 200, 213). "'[A] valid [COC] and readiness declaration will not be rendered illusory by subsequent diligent disclosures made in good faith'" (People v Sombillo, 244 AD3d at 874, quoting People v Macaluso, 230 AD3d 1158, 1159).

Here, contrary to the defendant's contention, the People's initial COC was proper. The record demonstrates that the People "exercised due diligence and acted in good faith in making reasonable inquiries and efforts to obtain and provide the discovery required by [CPL 245.20(1)]" (CPL 245.50[1]) as evidenced by the extensive, voluminous documents provided to the defendant with the initial COC and statement of readiness. The People established that their initial failure to disclose the missing materials "was inadvertent and without bad faith or a lack of due diligence" (People v Deas, 226 AD3d 823, 826; see People v Sombillo, 244 AD3d at 874) as substantiated by the fact that the People immediately disclosed the prisoner movement log once they ascertained that it had not been initially turned over (see People v Sombillo, 244 AD3d at 874; People v McMahon, 237 AD3d 746, 751). Notably, the defense requested no additional sanctions or accommodations based upon the delayed disclosure short of dismissal of the indictment (see CPL 245.80; People v Macaluso, 230 AD3d at 1160). Accordingly, inasmuch as the People's initial COC was proper and the statement of trial readiness, therefore, was not illusory, the Supreme Court properly denied the defendant's motion to dismiss the consolidated indictment on the ground that he was deprived of his statutory right to a speedy trial.

The defendant's contention that the Supreme Court should have dismissed the consolidated indictment based on the People's failure to file a valid COC with respect to pole camera footage is unpreserved for appellate review, as the defendant did not move to dismiss the consolidated indictment on that ground (see People v Sombillo, 244 AD3d at 874).

The defendant's contention that the Supreme Court should have given a missing witness charge is unpreserved for appellate review, since the defendant's arguments on appeal were not raised before the trial court (see People v Morris, 207 AD3d 477, 478; People v Dragani, 204 AD3d 690, 692). Moreover, the defendant's contention that his Fourth Amendment rights were violated by the placement of the pole camera outside of his apartment building is also unpreserved for appellate review (see CPL 470.05[2]; see generally People v Biggs, 208 AD3d 1340, 1344).

GENOVESI, J.P., WARHIT, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court